UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PLOCHER CONSTRUCTION COMPANY, INC., | )<br>)<br>) |
| Movant, | )<br>) |
| v. | ) No. 4:17-MC-156 JAR<br>) |
| OVERSEAS LEASE GROUP, INC., | )<br>)<br>) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Plocher Construction Company, Inc. ("Plocher")'s Motion to Confirm Arbitral Award Dated February 13, 2017 (Doc. No. 1).

**Background**

On or about October 27, 2014, Plocher and Highland TH, LLC, an Indiana limited liability company ("Highland"), entered into a construction contract (the "Contract") whereby Plocher would provide for Highland the installation of a dewatering plant at 3200 South State Road, 63, Belt Press Building, Terre Haute, Indiana. (Declaration of Scott J. Plocher ("Plocher Decl."), Doc. No. 2-1 at ¶ 5). The Contract contained an arbitration provision which states, *inter alia*, that "all claims or disputes arising from or in connection with this Contract … shall finally be resolved by arbitration administered by and in accordance with the Commercial Industry Arbitration Rules of the American Arbitration Association …" (Doc. No. 2-3 at § 13.2; Plocher Decl. at ¶ 6).

On or about December 1, 2014, Plocher, Highland, and Respondent Overseas Lease Group, Inc. ("Overseas") entered into an Assignment and Delegation of Construction Contract

(Plocher Decl. at ¶ 7). Pursuant to the Assignment, Overseas accepted all of Highland's rights and obligations under the Contract (Doc. No. 2-4 at 3; Plocher Decl. at ¶ 8). Thereafter, a dispute arose under the Contract between Overseas and Plocher stemming from Overseas' failure to pay for the construction work performed by Plocher (Plocher Decl. at ¶ 9).

On or about June 11, 2015, Plocher initiated an arbitration proceeding against Overseas pursuant to the Construction Contract and Assignment with the American Arbitration Association (Plocher Decl. at ¶ 10). An arbitration hearing was held in St. Louis, Missouri on January 31, 2017 before James R. Keller of Herzog Crebs, LLP, Richard Rhyne of Lanthrop & Gage, and D. Lynn Whitt; the parties appeared represented by counsel. (Plocher Decl. at ¶¶ 11, 12; Doc. No. 2-5). On February 13, 2017, the arbitration panel awarded Plocher $989,694.80 on its claim and $59,417.37 for administrative fees and expenses, for a total award of $1,049,112.17 (Plocher Decl. at ¶¶ 13, 14; Doc. No. 2-2). On March 14, 2017, Plocher moved to confirm the final arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 6, 9. The Motion to Confirm Arbitral Award and Memorandum in Support thereof was mailed to Overseas c/o of its registered agent and to attorney Paul Batista on March 15, 2017 (Doc. No. 4) and served on Overseas' registered agent on March 27, 2017 (Doc. No. 7).

**Discussion**

"The FAA embodies a national policy favoring arbitration; contains a narrow set of statutory grounds to vacate, modify, or correct an award; and supplies enforcement mechanisms for these types of actions." Infinity Fulfillment Grp., LLC v. Cenveo Corp., No. 4:14CV966 SNLJ, 2015 WL 3823166, at *6 (E.D. Mo. June 19, 2015) (citing Hall Street Associates v. Mattel, 552 U.S. 576, 581-582 (2008)). To that end, section 9 of the FAA provides that any party may apply, within one year after an arbitration award is made, to the district court for an entry of

judgment confirming the award. 9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if the award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." McClelland v. Azrilyan, 31 F. Supp. 2d 707, 713 (W.D. Mo. 1998) (quoting Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986)). "Section 9 of the FAA provides that federal courts must grant an order confirming an arbitration award unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. Congress did not authorize de novo review of such an award on its merits; it commanded that when the exceptions do not apply, a federal court has no choice but to confirm." UHC Mgmt. Co. v. Computer Scis. Corp., 148 F.3d 992, 997 (8th Cir. 1998) (internal quotation marks omitted).

Either party may file a motion to vacate, modify or correct an arbitration award. 9 U.S.C. § 12. However, such motion must be filed within 90 days of the initial arbitration award. Id.; Domino Group, Inc. v. Charlie Parker Memorial Foundation, 985 F.2d 417, 419 (8th Cir. 1993). Failure to do so waives any defenses to confirmation of the arbitration award. Id. at 419-20 ("Failure to file a motion to vacate, modify, or correct within three months ... waived any defenses to confirmation that might be asserted in a timely motion to vacate.").

Overseas has not filed a motion to vacate or modify the award, and the time for doing so expired on May 14, 2017. Given its uncontroverted failure to timely move to vacate the arbitration award under the FAA, Overseas is precluded from asserting any defenses to confirmation of the award in a summary proceeding such as this. See, e.g., Norton v. AMISUB St. Joseph Hospital, 155 F.3d 1040, 1041 (8th Cir. 1998) (plaintiff waived her right to argue that arbitration agreement was an unenforceable contract of adhesion because she failed to file a timely motion to vacate award); Med. Shoppe Int'l, Inc. v. Asong, No. 4:05MC499CDP, 2006

WL 83491, at *2 (E.D. Mo. Jan. 12, 2006). The Court will, therefore, grant Plocher's motion and confirm the arbitration award.

Accordingly,

**IT IS HEREBY ORDERED** that Movants' Motion to Confirm Arbitral Award [1] is **GRANTED.** A separate Judgment will accompany this Memorandum and Order.

Dated this 19th day of May, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**